Xavier M. Brandwajn (State Bar No. 246218)
Xavier.Brandwajn@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

Michael S. Connor (*pro hac vice* application pending)
Mike.Connor@alston.com
**ALSTON & BIRD LLP**
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: 704-444-1000
Facsimile: 704-444-1111

Attorneys for Non-Party
Mellanox Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE:<br><br>ALACRITECH, INC. | Misc. Case No.: 5:17-mc-80033-NC<br>(Related Case No. 5:17-mc-80034-NC)<br><br>**REPLY IN SUPPORT OF NON-PARTY MELLANOX TECHNOLOGIES, INC.'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, TO QUASH ALACRITECH, INC.'S DEPOSITION SUBPOENA**<br><br>Date: April 18, 2017<br>Time: 11:30 a.m.<br>Judge: Hon. Nathanael Cousins<br>Courtroom: 7, 4th Floor |

**A. The Topics Are Cumulative of Party Discovery Alacritech Has Not Exhausted**

Alacritech does not rebut governing authorities that hold it is unduly burdensome to seek from a third party discovery that a subpoenaing party has not exhausted other efforts to obtain.[1] (D.I. 1 at 8-9.) Nor can Alacritech avoid a key fact: *Alacritech has not taken a single deposition of any defendant*. Thus, Alacritech's argument—that it is "Mellanox's conjecture" and "implausible to suggest" that Topic Nos. 2, 3, 4, 5, 8 in part, 9 in part, 10, and 11 seek from Mellanox testimony that is cumulative of what should be available from defendants—is unsupported and insufficient to justify taking discovery from Mellanox in the first instance. The information sought is, by its very nature, duplicative of information available from the defendants.[2] (D.I. 1 at 10-12.) Alacritech's speculations of what "unique knowledge" Mellanox may have (D.I. 17 at 9-12) are "conjecture" and "implausible" unless Alacritech attempts and exhausts an effort to obtain discovery from the entities it sued. This, Alacritech has not done.

Alacritech's effort to downplay the fact that party discovery of emails is only beginning also lacks merit. (D.I. 17 at 11.) Topic Nos. 2, 4, 5, 10, and 11 necessarily implicate email communications between defendants and Mellanox. (D.I. 1 at 10-12.) Alacritech should have completed email discovery from defendants and obtained deposition testimony from defendants, and only then subpoena non-party Mellanox for non-duplicative testimony. It did not.

Alacritech's complaints about the limited *documents* obtained from the defendants regarding Mellanox products (D.I. 17 at 9-10) are of no moment. Alacritech does not show an overlap between the documents the defendants allegedly lack and the specific testimony sought of Mellanox. Also,

---

[1] Alacritech cites only *Cuviello v. Fedl Entm't Inc.*, No. 15-CV_03135-LHK, 2014 WL 12607811, *2 (N.D. Cal. Nov. 14, 2014). That case does not support Alacritech's argument that even if "*some* of Mellanox's knowledge may overlap to some extent with knowledge of other witnesses, including party witnesses, [that] does not foreclose a deposition on these topics. (D.I. 17 at 10.) In *Cuviello*, a subpoena of police officers was not unduly burdensome, despite some overlap with testimony given by those same officers in a related action in which they were defendants, because the officers did not dispute that the testimony was relevant and "fail[ed] to identity any permissible, less burdensome way in which Cuviello might elicit the requisite testimony." *Cuviello*, 2014 WL 12607811 at *2. Here, in contrast, Mellanox is not a defendant, does dispute the relevance of the testimony, and has identified party discovery as a less burdensome alternative.

[2] Alacritech's claim that "Mellanox has not specifically articulated which portions of Topic Nos. 8 and 9 it finds unobjectionable and which portions it believes are unduly burdensome" (D.I. 17 at 9, n.6) is false. Mellanox did so clearly. (D.I. 1 at 11:20-24 (Topic No. 8), 11:25-12:10 (Topic No. 9).)

while Alacritech argues that its motion to compel (to be heard on April 11) is necessary because of the *dearth* of defendants' production, in the same breath Alacritech claims that the defendants have produced *too many* documents ("over 300GB," for one of three defendants) for Alacritech to determine the overlap with the discovery sought from Mellanox. (Case No. 5:17-mc-80034-NC, D.I. 17-14.) Such inconsistent positions demonstrate Alacritech's inability to show that its subpoena is appropriate.

**B. The Topics Seek Overbroad, Irrelevant, and Unduly Burdensome Information**

The law is clear that Alacritech is limited to discovery on products specifically identified in its Patent L.R. 3-1 disclosures.[3] (D.I. 1 at 14-15.) It is not entitled to discovery on other Mellanox products (including the ConnectX-4 series) not identified in its contentions or subpoenas. Rule of Practice for Patent Cases before the Eastern District of Texas 3-1 may not require a bill of materials for accused products, but it does require showing "where each element of each asserted claim is found within each Accused Instrumentality," which Alacritech alleges are the Mellanox adapters. Information about the functionalities in ConnectX-4 products (and their inclusion in certain defendants' products) was publicly available *years* before Alacritech filed its underlying actions. (Declaration of Ophir Maor; Case No. 5:17-mc-80034-NC, D.I. 17-1 at ¶10; D.I. 17-7, 17-8, 17-9.)

***InfiniBand Functionality.*** Alacritech's contentions accuse only 50 pages worth of discrete InfiniBand functionalities in one version of the InfiniBand Specification. Alacritech does not claim its patents are essential to practicing all functionalities in all versions of the Specification, but the subpoena seeks precisely that: testimony on Mellanox products' implementation of all InfiniBand functionality, as described in the cited "four short lines" from Mellanox's marketing materials (*e.g.*, "IBTA Specification 1.2.1 compliant"). As such, it is overbroad and unduly burdensome.

***RSC Functionality.*** Alacritech's infringement disclosures do not accuse Mellanox products of practicing RSC/LRO functionality. Alacritech concedes the products identified in the subpoena "do not include RSC-type functionality." (D.I. 2-1, Ex. 9.) Alacritech ignores these facts and argues

---

[3] *Silicon Labs. Inc. v. Cresta Tech. Corp.*, 2015 WL 846679 (N.D. Cal. Feb. 25, 2015), the only case not previously cited by Alacritech, and hence not addressed in Mellanox's brief in the related case, does not help Alacritech. In that case, the court granted a motion to compel supplemental infringement contentions because the patentee had not shown, beyond an insufficient conclusory statement, how charted accused products were representative of non-charted products. *Id.* at *1-3.

that it "recently learned through discovery" that ConnectX-4 adapters provide RSC functionality and are supplied to one or more defendants. (D.I. 17 at 4-5.) False. As discussed above, the ConnectX-4 materials Alacritech cites were taken from the Web, where they were available for years before Alacritech filed suit. Alacritech is not entitled to discovery on products and functionalities outside those identified in its subpoena and contentions.[4]

***LSO Functionality.*** Alacritech does not say which techniques "reasonably similar" to LSO are, beyond the myriad functionalities listed, part of what it defines as "LSO." Nor does Alacritech elucidate in its papers what its contentions lack—the "information and belief" on which Mellanox products allegedly operate in "substantially the same manner" as the non-Mellanox products charted. And, the advertised LSO features Alacritech cites (D.I. 17-9) are for *ConnectX-4 products* not at issue.

***RoCE Functionality.*** Alacritech does not claim its patents are essential to practicing the entire RoCE Specification Annexes, but the subpoena seeks precisely such testimony. Similar to InfiniBand, Alacritech offers no basis for seeking testimony much broader than its contentions.

**C. Topic No. 12 Is Unduly Burdensome for Additional Reasons**

Topic No. 12 is directed to the performance and economic benefits of all Ethernet and InfiniBand functionalities supported by Mellanox products, not to only Identified Functionalities, as Alacritech argues. Alacritech is also unwilling to review Mellanox's publications on those same benefits with a view toward limiting the topic in any reasonable way. Nor does Alacritech articulate any relevance of this testimony to "remedies," let alone one that meets the proportionality inquiry required by Rule 26(c). Alacritech does not dispute this information is irrelevant to a hypothetical negotiation between Alacritech and *defendants*. (D.I. 1 at 21; D.I. 17 at 19.) Alacritech's musings that the "savings a user of the Identified Functionalities would enjoy" would be "material to the amount it would pay in a reasonable royalty or otherwise for use of those features" and be relevant to some unspecified remedy Alacritech may seek from defendants—not Mellanox—cannot save this overbroad and unduly burdensome topic.

[4] Alacritech can explore alleged discrepancies in sales spreadsheets (D.I. 17 at 11, 16) via Topic No. 13 (contents of documents produced), to which Mellanox did not interpose written objections.

DATED: April 10, 2017

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Xavier M. Brandwajn*
Xavier M. Brandwajn

Xavier M. Brandwajn (State Bar No. 246218)
Xavier.Brandwajn@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: 650-838-2000
Facsimile: 650-838-2001

Michael S. Connor (*pro hac vice* application pending)
Mike.Connor@alston.com
**ALSTON & BIRD LLP**
Bank of America Plaza, 101 South Tryon Street, Ste. 4000
Charlotte, NC 28280-4000
Telephone: 704-444-1000
Facsimile: 704-444-1111

Attorneys for Non-Party
Mellanox Technologies, Inc.